998 F.2d 1008
 27 U.S.P.Q.2d 1399
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DEVAN DESIGNS, INCORPORATED; Lexington Furniture
Industries, Incorporated, Plaintiffs-Appellants,
v.
PALLISER FURNITURE CORPORATION, Defendant-Appellee.
 No. 92-2329.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1993.
Decided: July 7, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Sr., District Judge. (CA-91-512)
 Floyd A. Gibson, Bell, Seltzer, Park & Gibson, Charlotte, North Carolina, for Appellants.
 Reginald Farrell Combs, House & Blanco, P.A., Winston-Salem, North Carolina, for Appellee.
 Frank B. Wyatt, II, Melissa B. Pendleton, Bell, Seltzer, Park & Gibson, Charlotte, North Carolina, for Appellants.
 Peter J. Juran, Bowen C. Houff, House & Blanco, P.A., Winston-Salem, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Devan Designs, Inc. and Lexington Furniture Industries, Inc. appeal an order of the district court denying them a preliminary injunction under the Lanham Act, 15 U.S.C. § 1051 et seq. (the "Act"). Appellants sought to prevent Palliser Furniture Corporation from selling a copy of their popular line of children's furniture, arguing that the design or trade dress of this furniture was protected under the Act. Jurisdiction lies under 28 U.S.C. § 1292(a)(1). Finding the trade dress at issue too weak for protection under the Act, we affirm.
 
 
 2
 This line of furniture, under the name the "Rainbow Collection," was designed and produced by Devan and marketed by Lexington. Palliser copied the furniture and its design, and sold it at a discount, capturing a large number of Devan and Lexington's clients. This case is not mooted by the fact that appellants have currently discontinued production of the Rainbow Collection, where they may stand ready, upon a favorable ruling by this court, immediately to begin production of this line again.
 
 
 3
 The Lanham Act seeks an appropriate balance between the policy of protecting creators of products in order to prevent the public from being deceived by the similarity of the trade dress, and the policy of enhancing competition. Competition on functional and decorative features is encouraged. The Act permits the first manufacturer of a product an unregistered trademark in the trade dress of its product. M. Kramer Mfg. Co. v. Andrews, 783 F.2d 421, 448 (4th Cir. 1986).
 
 
 4
 However, such trade dress, to be protected by the Act, must either be a distinctive design associated with a particular supplier or have acquired a secondary meaning to the general public.
 
 
 5
 Trade dress is classified, as are trade marks that are registered, as generic, descriptive, suggestive, arbitrary or fanciful, in order of increasing distinctiveness. Abercrombie & Fitch Co. v. Hunting World, Inc., 537 F.2d 4, 9 (2d Cir. 1976). The district court analyzed this trade dress under the Act and concluded that there was nothing in the design of the furniture which indicated to the general public the source of that particular furniture. Thus, there would be no likelihood of confusion in the public between the original furniture and Palliser's copy. No logo or other distinctive marking of any kind was affixed to the furniture of the appellants and its design was not inherently distinctive.
 
 
 6
 The district court also concluded that no secondary meaning had attached to this trade dress, after considering the holding in the Fourth Circuit of Osem Food Industries, Ltd. v. Sherwood Foods, Inc., 917 F.2d 161, 165 (4th Cir. 1990), that deliberate copying carried with it a presumption of secondary meaning. The district court found that the presumption was rebutted by, inter alia, appellants' advertising focus on the attractiveness of the product rather than its source, the fact that other companies had similar furniture on the market and the lack of unsolicited media attention. The court below consequently refused the preliminary injunction which Devan sought.
 
 
 7
 After careful review of the pleadings, the briefs, and the argument in the case, this court finds that the the decision of the court below was not in error. We affirm on the basis of the thoughtful, analytical opinion of the district court.
 
 AFFIRMED